MONTS v. KOON.

In a proceeding to revive an execution, instituted by the administrator of the assignee, the Circuit judge erred in permitting defendant to testify that he had placed two notes in the hands of the deceased assignee to collect. *Code,* § 400.

Before KERSHAW, J., Lexington, September, 1882.

The opinion states the case.

*Mr. G. T. Graham,* for appellant.

*Messrs. Meetze & Muller,* contra.

April 14th, 1884.    The opinion of the court was delivered by Mr. CHIEF JUSTICE SIMPSON.    One Levi Monts, of Lexington county, in 1872, obtained judgments against J. L. Koon, Thomas L. Boyd, and David Shealy, separately, on a joint and several sealed note for the sum of $217.79, upon which executions were issued in 1873.    In June, 1872, Monts assigned these judgments to William Fort, who has since died.    Thomas L. Boyd and Shealy have also died since said assignment.    H. Arthur Fort is the administrator of William Fort, and the defendants, David Counts and Jesse M. Shealy, are the legal representatives respectively of Boyd and David Shealy, deceased.    The proceedings below were instituted in behalf of Arthur Fort, administrator of William Fort, to renew the executions, it being alleged that their active energy had expired, and the defendants were summoned in separate proceedings to show cause why said executions should not be renewed.    The defendants, Koon and Counts, answered, pleading payment by certain notes which Boyd in his life-time had placed in the hands of William Fort, after the judgments had been assigned to him.

The cases came first before Judge Witherspoon, and it appearing that the defendants desired a trial by jury, the judge ordered an issue. At the next term they came on for trial before Judge Kershaw, the case against Koon coming up first. In the progress of this case, the defendant, Koon, was presented as a witness for the defence, who testified that he had placed certain notes in the hands of William Fort for collection. At this point, the plaintiff objected, and claimed that the witness could not testify as to transactions between himself and William Fort, under section 415 of the code [now section 400]. The objection was sustained, but the court held that the rule had not been violated thus far, as the witness had only stated his own action.

After other testimony and a charge from the judge, this case went to the jury, and the one against Counts was taken up. While this was in progress, and before it reached the jury, a verdict for the defendant in the first case was returned and published, the jury having found a verdict showing that the judgment had been satisfied; whereupon the second case, the one against Counts, was ordered by the judge to be withdrawn from the jury, and that the motion to renew the execution therein be refused, stating in the order that "the jury in the first case having found the judgment against the principal satisfied, no renewal can be had against the surety."

The appeal raises three questions: 1. Whether the evidence of the defendant, Koon, as received, was in conflict with section 415 of the code? 2. Was it error of law for the Circuit judge to withdraw the case from the jury and to order the motion therein refused, under the circumstances stated? 3. Did the judge invade the province of the jury in his charge as to the facts of the case?

Section 415 of the code is somewhat complex and cumbersome in its phraseology, and it is sometimes difficult to determine the question of its applicability to a special case. It is admitted, however, in this case, that the parties occupied that relation towards each other which rendered that section pertinent, and would have excluded any testimony from the defendant, Koon, as to any "*transaction or communication*" between himself and William Fort, deceased; but the Circuit judge, recognizing this

fact, held that the testimony admitted was not in violation of the rule, as it was only a statement of what the witness had done, and therefore was not a transaction or communication in the sense of the section between himself and the deceased Fort. We think the judge was in error in drawing this distinction. The foundation of the defence was payment, payment by certain notes, which Koon in his answer claimed that he had placed in the hands of Fort for collection, and the evidence admitted was intended to sustain this defence. It showed that Koon had placed these notes in the hands of Fort, and it involved not only the act of Koon in putting the notes in Fort's hands, but also the act of Fort in receiving them. This was certainly a transaction between the two, and therefore the testimony was in violation of the section of the code under consideration.

The cases must be remanded on this ground; hence it will be unnecessary to consider the other exceptions.

It is the judgment of the court that the judgments below be reversed and the cases remanded for new trials.